**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**FIRST SERVICE BANK**                                                          **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:24-cv-262-TBM-RPM**

**THOMAS L. SWAREK;
BILL D. BUFFINGTON;
GS HOLDINGS, INC.;** *and*
**COTTONWOOD RECREATION
LAND, INC.**                                                                    **DEFENDANTS**

## ORDER

After years of litigation between these parties, Thomas Swarek's most recent *pro se* Motion [83] "moves this Court for an immediate emergency stay of any foreclosure, auction, or sale of World Ag farmland and related assets." [83], p. 1. Despite styling his Motion as an "emergency," Swarek fails to show why such emergent relief is warranted. Indeed, Swarek does not provide any current notice of sale, auction, or foreclosure in support of his Motion—and World AG Investment Inc., was dismissed from this action on November 18, 2025. Instead, Swarek's Motion focuses on a pending Rule 60(b) motion in a different action before this Court.[1] Apart from being conclusory, the issues raised by Swarek in his Motion [83] have no bearing on the parties or issues before the Court in this action. As a result, Swarek's Emergency Motion [83] to stay the sale of farmland and related proceedings is denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

As discussed in a prior Order [54] by this Court, from 2016 to 2023, First Service Bank entered into eleven loans with Thomas Swarek, Sunnyside Well Service Inc., and World AG

---

[1] *See* Motion for Relief from Judgment [79] filed in *First Service Bank v. Swarek*, 1:24-cv-20 (S.D. Miss. Apr. 13, 2026).

Investment Inc—to which Thomas Swarek, World AG, or both of them, guaranteed. All of the loans, including the "Mainstreet Loan" for $50,000,000.00 that Swarek personally guaranteed, became delinquent and First Service Bank filed various actions seeking judgment against Swarek for failure of his payment obligations.

First Service Bank filed its initial action on January 19, 2024, regarding the $50,000,000.00 Mainstreet Loan. *See First Service Bank v. Swarek*, 1:24-cv-20-TBM-RPM (S.D. Miss.). There, the Court granted First Service Bank's motion for default judgment against Swarek in the amount of $54,928,751.83. Swarek subsequently filed a motion to set aside and for reconsideration, which the Court denied on March 5, 2025. Swarek then appealed the Court's judgment on November 3, 2025. Most recently, Swarek filed a second motion for relief from judgment on April 13, 2026.

The instant action was filed on August 28, 2024, relating to "eight additional loans made by FSB to Swarek or one of his companies, which are guaranteed by Swarek or World Ag or some combination of the same." [1]; [60], p. 2. Although Sunnyside Well Service Inc., World AG, and Swarek filed a Motion to Dismiss [16], the Court found that the guaranty agreements within the loan documents were not unconscionable, and the Motion was denied on September 16, 2025. [54]. The Court also granted First Service Bank's Motion to Dismiss [30] Swarek's counterclaim, finding that it is barred by res judicata and because Sunnyside Well Service Inc., and World AG Investment Inc., failed to state claims for relief. *Id.* A few weeks later, on September 25, 2025, the parties filed a Stipulation [56] dismissing Sunnyside Well Service, Inc. First Service Bank then filed an Amended Complaint [60], and a partial Motion for Summary Judgment [68] against Swarek. Swarek filed the instant Motion [83] to stay sale of farmland and related proceedings on April 13, 2026.

In his Motion, Swarek seeks an emergency stay of any "foreclosure, action, or sale of World Ag farmland and related assets." [83], p. 1. According to Swarek, such relief is warranted because his Rule 60(b) motion is pending in *First Service Bank v. Swarek*, 1:24-cv-20, which is on appeal to the Fifth Circuit, and "[j]urisdiction and enforceability of the underlying judgment are in serious dispute." *Id.* Specifically, Swarek asserts that the Rule 60(b) motion establishes "fraud and misrepresentation," "concealment of material evidence," "improper reliance on testimony later contradicted," and "lack of authority of key entities." *Id.* at p. 3. Swarek also claims that "the governing loan documents contain a mandatory forum selection clause" such that actions "shall be instituted" in Arkansas or Texas. *Id.* Because *First Service Bank v. Swarek*, 1:24-cv-20 was filed in a District Court in Mississippi, Swarek claims that the "judgment is void under Rule 60(b)(4), or . . . The case is subject to dismissal." *Id.* at p. 4.

## II. DISCUSSION AND ANALYSIS

Rule 62(d) of the Federal Rules of Civil Procedure provides that, subject to certain enumerated exceptions, an appellant may obtain a stay of an adverse judgment pending appeal by posting a supersedeas bond in the amount of that judgment. FED. R. CIV. P. 62(d). "Clearly the 'stay' to which the rule refers is of the judgment being appealed." *In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 295 (5th Cir. 1991) (citing 7 James Wm. Moore and Jo Desha Lucas, Moore's Federal Practice ¶ 62.06 at 31). Here, however, Swarek's Motion for an emergency stay is premised not on a judgment in this action—indeed there is none—but rather a judgment currently on appeal to the Fifth Circuit in a different case: *First Service Bank v. Swarek*, 1:24-cv-20. Accordingly, Rule 62(d) does not authorize this Court to grant the relief Swarek requests in this action. As aptly stated by

First Service Bank, "[i]f Swarek wants a stay of the judgment in Case No. 1:24-cv-20-TBM-RPM, he must seek that relief there, not here." [93], p. 3.

Additionally, to the extent that Swarek attempts to challenge a bankruptcy sale by referencing emails from the Chapter 11 Trustee of El Dorado Gas & Oils, Inc., received in 2024, Bankruptcy Rule 8007 requires that such motions must be brought in the Bankruptcy Court first. FED. R. BANKR. P. 8007(a)(1). Swarek does not show that he has done so and his Motion is therefore deficient. *See Burgess v. Powers*, No. 3:19-cv-2711-JJB, 2019 WL 7037581, *3 (N.D. Tex. Dec. 20, 2019).

### III. CONCLUSION

IT IS ORDERED that Thomas Swarek's Emergency Motion [83] to stay sale of farmland and related proceedings is DENIED.

This, the 5th day of May, 2026.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE